# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00068-CR

---

**James Wells, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-300210,
### THE HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant James Wells was placed on community supervision after he pled guilty to aggravated assault causing serious bodily injury. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Penal Code § 22.02(a)(1). One year later, the State filed a motion to revoke alleging that appellant had violated the conditions of supervision by, among other things, committing new criminal offenses.[1] After conducting a hearing,[2] the trial court granted the State's motion to revoke, revoked appellant's community supervision, and assessed appellant's punishment at

---

[1] The State's motion to revoke contained nine allegations of violations of supervision conditions that alleged that appellant committed the offense of aggravated robbery, committed the offense of aggravated assault by threat, failed to report to his community supervision officer, failed to obtain suitable employment, and failed to pay court costs, supervision fees, restitution, and various fees associated with the conditions of his supervision.

[2] At the revocation hearing, appellant pled not true to all of the allegations in the motion. The State presented evidence as to the allegations, and the trial court found that appellant had violated the conditions of his supervision as alleged in the motion to revoke.

six years' confinement in the Texas Department of Criminal Justice. *See* Tex. Code Crim. Proc. arts. 42A.751, 42A.755; Tex. Penal Code § 12.33.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not requested a copy of the appellate record, filed a pro se response, or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the revocation proceedings and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[3] The trial court's judgment revoking community supervision is affirmed.

---

[3] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel

2

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   October 25, 2019

Do Not Publish

---

must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down.  *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008).  The duty to send appellant a copy of this Court's decision is an informational one, not a representational one.  *See In re Schulman*, 252 S.W.3d at 411 n.33.  It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw.  *See id.*